† JOHN McGEE v. AVONDALE (VILLAGE).

WANT OF AUTHORIZED PERSONAL NOTICE TO FILE CLAIMS SUPPLIED BY ACTUAL NOTICE.

> Notice of the passage by the council of a village of a resolution declaring it necessary to make a public improvement, under the provisions of sec. 2304, Rev. Stat., (as it stood before the amendment of March 15, 1889), so as to make it obligatory upon them to file their claims for damages within a certain time after such notice, or be barred therefrom, must be given to the owners of the abutting property personally, and by some one authorized by council, as well as published or posted, but if the marshal leaves at residence, without having been authorized by council, and the property holder actually receives the notice, the defect is probably cured.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The claim of the plaintiff is that the court erred in refusing to grant him a new trial, for the reasons stated in his motion therefor, viz.: That there was error in the charge given to the jury in refusing to charge as requested by plaintiff.

The action below was one to recover damages to the property of the plaintiff, by reason of the change of grade by the defendant, of Shillito street. The principal question as it appears on the record was, whether the plaintiff was barred of his action by failing to present a claim for damages, within the time limited by statute, after being duly notified as is required by law.

The bill of exceptions taken does not contain the whole of the evidence, but only a statement of what it tended to prove, to show the materiality of the rulings complained of. It shows that at the trial the plaintiff offered evidence tending to prove all the facts which would entitle him to recover, and that defendant offered evidence tending to disprove any claim for damages. The defendant also offered evidence tending to prove that in 1889 and 1890 one Brown was the marshal of Avondale; that he had authority from the village council to serve notices on property owners, such as were served in this case, and had served like notices for years, and that the clerk of the village in September, 1890, handed to him as such marshal to be served on the owners of property on Shillito street, notices of the passage of the ordinance of 1889 establishing the grade of such street, and of the resolution for the improvement thereof. But it was admitted by the village that no resolution specially authorizing him to serve the same in this case, was passed by the council.

It also offered the evidence of Brown, and the original notice with the time and manner of service endorsed thereon, verified and filed according to law, tending to show that he had served a copy of said notice upon the plaintiff, personally, at his residence, in October, 1889, and that the plaintiff had not filed any claim for damages for such change of grade until August, 1890. The village also offered evidence tending to prove, that the notice of the passage of said ordinance and resolution of 1889, had been published for the time required by law in the Daily Times-Star, a newspaper published in the city of Cincinnati, and of general circulation in Avondale, but it was admitted by the defendant that no written notices of the ordinance and resolution had been posted in such village.

In rebuttal the plaintiff offered evidence tending to prove that such notice was not personally served on him; that it was left at his house in his absence by one Lynch, an assistant of the marshal, and that plaintiff received it from his wife, or found it where she had left it for him, in February, 1890.

The legal questions in the case arise under sec. 2304 Rev. Stat., as it stood prior to the amendment thereof of March 15, 1892 (89 O. L., 91), and under section 2315, viz., as to the steps necessary to be taken by the council of a village in declaring the necessity of a public improvement, and giving notice to the owners of property abutting upon the improvement, so as to make it obligatory upon them, if damage to them results, to file their claims therefor within a given time after such notice, or be barred from recovering damages.

Our construction of this sec. 2304 on this point is this that after the passage by the council of the resolution declaring it necessary to make a public improve-

† For common pleas decision see 1 Ohio Dec., 379.

ment, notice of its passage, (except in the case of sewers), must be given to the owners of the property abutting thereon, or to the persons in whose names it may be assessed for taxation upon the tax duplicate, by serving personally on them, a written notice thereof, and by publishing the resolution not less than two, nor more than four consecutive weeks in some newspaper published in, and of general circulation in the corporation—provided, however, that where no newspaper is published in such village, written notices shall be posted in twelve places in the village; and that a substantial compliance with these provisions is necessary before an owner of abutting property can, under its provisions and those of section 2315, be barred of his action for damages caused by such improvement.

We incline, however, to the opinion, that although the statute seems to require personal service on resident owners, yet that if the evidence in a particular case should clearly show that such a notice was left at the residence of such owner, by a person duly authorized to serve it, and in fact it was received by him before the time at which he might reasonably appear and resist the proceedings if he sees proper to do so, and in time to file his application for damages, before the time limited for filing the same, that this would be a substantial compliance with the provisions of the law.

Second—That this personal notice is to be served by an officer authorized by the statute to do so, or by a person appointed by the council to serve the same under the provisions of section 2304. We see nothing in the statute which makes it the duty of the marshal to serve such notices, and it is conceded that he was not specially authorized by council in this proceeding to do so. If, in fact, it was simply left at the house of the plaintiff by the marshal, or handed to plaintiff by the marshal Lynch who assisted him, we incline strongly to the opinion that this was not legal service, but if actually received by him, in proper time, it may be that it would be sufficient.

But the court, in the charge given to the jury, over the exception of the plaintiff, instructed them that the notice under this section in this case might be in one of three ways, viz.: first, by publication in some newspaper of general circulation, (without stating where published or where circulated); or second, it might be given by personal service; or third, by the leaving the same at his residence by some officer authorized to serve the notice. This we think was clearly erroneous, as it made a mere notice by publication in a newspaper of general circulation anywhere, sufficient, or the leaving of the notice at the residence sufficient, whether it was received by the owner or not, and by holding that service in one of these modes on a resident was sufficient when, as we hold, there must be both personal service, and a notice of the resolution in a newspaper printed and of general circulation in the village, or if there is none printed therein, by the posting of twelve notices in the village, to bar the right to damages if the claim is not properly presented.

Several of the charges asked by plaintiff and refused by the court, raise substantially the questions hereinbefore ruled upon, but it is unnecessary to refer to them.

The judgment will be reversed, with costs, and remanded for a new trial.

Wilby & Wald, for plaintiffs in error.

A. B. Huston, for defendant in error.